UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL ACTION** |
| v. | : | |
| | : | **NO. 08-10377-JLT** |
| **GERARD SASSO** | : | |

**PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES**

Pursuant to Federal Rule of Criminal Procedure 30, the United States respectfully requests that this Honorable Court, in addition to its standard charge to the jury, include the following special instructions. Leave is requested to submit additional proposed instructions as they may become necessary.

                            Respectfully submitted,

                            MICHAEL J. SULLIVAN
                            United States Attorney


                        By: */s/ William Weinreb*
                            WILLIAM WEINREB
                            DON CABELL
                            Assistant U.S. Attorneys


**CERTIFICATE OF SERVICE**

I, William Weinreb, Assistant United States Attorney, do hereby certify that this document, filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on this date.

                            */s/ William Weinreb*
                            WILLIAM WEINREB
                            Assistant U.S. Attorney

**TABLE OF CONTENTS**

PAGE

Entire Evidence Should Be Considered . . . . . . . . . . . . 1

Punishment . . . . . . . . . . . . . . . . . . . . . . . . . 3

Overview of the Indictment; Each Count Separate Offense  . 6

Elements of Interfering With the Operator of an Aircraft -
    18 U.S.C. § 32(a)(e)  . . . . . . . . . . . . . . . . 7

Elements of False Statements - 18 U.S.C. § 1001(a)(1)  . 18

## **Entire Evidence Should Be Considered**

It is necessary that every essential element of the crimes charged in the indictment in this case be proved by evidence beyond a reasonable doubt.  It is not necessary that each supporting fact be proved beyond a reasonable doubt.  The jury should not take the testimony of a witness, piece by piece, and reject those portions which, standing alone, may not appear to be true beyond a reasonable doubt.  Evidence should not be considered in fragmentary parts and as though each fact or circumstance stood apart from the others.  The entire evidence should be considered and the weight of the evidence should be determined from the whole body of evidence.

_____

United States v. Bottone, 365 F.2d 389, 392 (2d Cir.), cert. denied, 385 U.S. 974 (1966);

United States v. Patten, 226 U.S. 525, 544 (1913);

American Tobacco Co. v. United States, 147 F.2d 93, 106-07 (6th Cir. 1944), aff'd, 328 U.S. 781, 809 (1946).

## **Punishment**

The question of possible punishment of the defendants is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing sentence rests exclusively with me as the presiding judge in this case.  Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.  Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendants, if they are convicted, to influence your verdict in any way, or in any sense enter into your deliberations.

_____

Adapted from 1 L. Sand et. al., <u>Modern Federal Jury Instructions</u>, ¶9.01, Instruction No. 9-1 at 9-3

**Overview of the Indictment; Each Count Separate Offense**

The Indictment contains two counts.  Count One charges that the defendant willfully interfered with persons engaged in the authorized operation of an aircraft with a reckless disregard for the safety of human life.  Count Two charges that the defendant knowingly and willfully made materially false statements in a matter within the jurisdiction of the United States.

You must give separate consideration to each of these two counts and return a separate verdict of guilty or not guilty for each.  Whether you find the defendant guilty or not guilty on one count should not affect your verdict as to the other count.

_____

First Circuit Pattern Jury Instructions (Criminal) § 1.02.

### **Interfering With The Operator of An Aircraft**

### **18 U.S.C. § 32(a)(5)**

Count One charges the defendant with a violation of Title 18, United States Code, Section 32(a)(5), which makes it a crime for anyone acting with a reckless disregard for the safety of others to willfully interfere with persons operating an aircraft in the special aircraft jurisdiction of the United States.  In order for the defendant to be found guilty on Count One, the government must prove each of the following elements beyond a reasonable doubt.

First, the government must prove that the defendant willfully interfered with a person engaged in the authorized operation of an aircraft.  To act "willfully" in this context means to act deliberately and intentionally, "on purpose," as opposed to accidentally, carelessly, or unintentionally.  If a person's actions interfere with an aircraft operator, you may infer that the person acted "willfully" if his actions were deliberate and intentional and had the natural and probable effect of interfering with the aircraft operator.

Second, the government must prove that the defendant acted with a reckless disregard for the safety of human life.  A defendant acts with a "reckless disregard for the safety of human life" if he is aware that his actions create a substantial and unjustifiable risk to the safety of human life and he consciously disregards that risk.

Third, the government must prove that the helicopter at issue in this case was an aircraft in the special aircraft jurisdiction of the United States. The term "aircraft" includes a contrivance owned and operated by a State government that is designed to fly or travel in the air. An aircraft in the "special aircraft jurisdiction of the United States" includes any aircraft in the United States while in flight.

---

United States v Hassouneh, 199 F.3d 175, 183 (4th Cir. 2000) (In prosecution under 18 U.S.C. § 35(b) for making a false bomb threat, district court properly defined "willfully" as "deliberately and intentionally, as contrasted with being made accidentally, carelessly or unintentional[ly]," and properly refused to include requirement that defendant acted with an "evil purpose");

United States v. Himmelwright, 42 F.3d 777, 782-83 (3rd Cir. 1994) (Conviction for "knowingly and willfully" making threatening telephone calls in violation of 18 U.S.C. § 875(c) does not require proof that defendant intended his calls to be threatening; it requires proof only that he intentionally placed the calls and spoke the words charged, as well as proof that his words "were reasonably perceived as threatening bodily injury");

Ragansky v. United States, 253 F. 643, 645 (7th Cir. 1918) (Conviction for "knowingly and willfully" mailing a letter threatening the President of the United States in violation of 18 U.S.C. § 871 does not require proof of "an evil purpose -- legal malice;" it requires proof only that the words were uttered "voluntarily and intentionally" and "would naturally be understood by the hearers as being a threat").

United States v. Alli, 444 F.3d 34, 38 (1st Cir. 2006) ("[A] person is presumed to have generally intended the natural and probable consequences of his or her actions."); United States v. McCoy, 508 F.3d 74, 79 n.6 (1st Cir. 2007) (same); United States v. United States Gypsum Co., 438 U.S. 422, 445 (1978) ("[I]t is now generally

accepted that a person who acts (or omits to act) intends a result of his act (or omission) under two quite different circumstances: (1) when he consciously desires that result, whatever the likelihood of that result happening from his conduct; and (2) when he knows that the result is practically certain to follow from his conduct, whatever his desire may be as to that result.") (internal quotation marks and citation omitted).

## **Count Two: False Statements**

## **18 U.S.C. § 1001**

Count Two charges the defendant with a violation of Title 18, United States Code, Section 1001(a)(2), which makes it a crime to make a false statement in a matter within the jurisdiction of a federal government agency.  Specifically, Count Two charges that on December 8, 2007, the defendant made three false statements in a matter within the jurisdiction of the United States Coast Guard by stating and affirming that:

    a.   He had not pointed a laser at a helicopter that same night;

    b.   He did not know anything about an incident in which a laser had been pointed at a helicopter that same night;

    c.   He owned no laser pointers other than a small "key chain-type" laser pointer.

In order for the defendant to be found guilty on Count One, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant knowingly made a material false statement;

Second, that the defendant made the statement voluntarily and intentionally; and

Third, that the defendant made the statement in a matter within the jurisdiction of the United States Coast Guard.

A false statement is made "knowingly" if the defendant knew it was false.

A statement is "material" if it has a natural tendency to influence or to be capable of influencing the decision of the decision-maker to which it was addressed, regardless of whether the decision-maker actually relied upon it.  The government does not have to prove that the false statement actually influenced the actions of the decision-maker or that the decision-makers were actually deceived.

A statement is "false" if it was untrue when made.

Count Two alleges that the defendant made three false statements.  To find the defendant guilty on Count Two, you only need to find that the government has proved each element of the offense beyond a reasonable doubt in connection with one of the three statements.  You should consider each statement separately, and your determination whether the government has proved each element of the offense beyond a reasonable doubt in connection with that statement must be unanimous.

_____

First Circuit Pattern Jury Instructions (Criminal) Inst. 4.08 (1998)(rev'd);

United States v. Arcadipane, 41 F.3d 1, 7 (1st Cir. 1994) ("[M]ateriality requires only that the fraud in question have a natural tendency to influence, or be capable of affecting or influencing, a governmental function. The alleged concealment or misrepresentation need not have influenced the actions of the Government agency, and the Government agents need not have been actually deceived.").

8